# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**KRISTAL HOLMES,**

**PLAINTIFF,**

**V.**

**Case No. _____**

**CAPITAL ONE BANK (USA), N.A.,**

**DEFENDANT.**

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441 and 1446, Defendant Capital One Bank (USA), N.A. (Capital One), gives notice of the removal of this action from the County Court for Seminole County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, stating as follows:

### I. INTRODUCTION

1.     On November 15, 2016, Plaintiff Kristal Holmes commenced this action by filing a Complaint in the County Court for Seminole County, Florida, Case Number 2016-CC-003371-20-S. A true and correct copy of all pleadings, process, and orders served on Capital One, is attached to this Notice of Removal as Exhibit 1.

2.     In the Complaint, Plaintiff alleges that Capital One placed telephone calls to Plaintiff in attempt to collect a debt. (Complaint, ¶¶ 7-10). Specifically, the Complaint alleges Capital One made calls to Plaintiff's cellular telephone using an automatic

telephone dialing system after Plaintiff sent a letter to Capital One asking it to stop contacting her from an automated dialer. (Complaint, ¶ 8). Plaintiff alleges that Capital One continued to contact her from an automated dialer. (Complaint, ¶¶ 9-10). As a result of this purported conduct, Plaintiff brings claims against Capital One for violations of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.*, the Florida Consumer Collection Practices Act (FCCPA), § 559.55, *et seq.*, as well as a claim for injunctive relief under section 559.77 of the Florida Statutes. (*See generally* Complaint, Count I; Count II; Count III).[1]

3.      Capital One received a copy of the Summons and Complaint on December 7, 2016. This Notice of Removal is timely under 28 U.S.C. § 1446, since it is filed with 30 days of the date that Capital One received a copy of the pleading setting forth the claim for relief upon which the action is based.

4.      This Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1441 and 1446 because the lawsuit places at issue claims arising under a law of the United States. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II. FEDERAL JURISDICTION

### A.      Federal Question Jurisdiction Exists Over This Action.

5.      This action may be removed pursuant to 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1331.

---

[1] Nothing in this Notice of Removal should be in any way construed as an admission by Capital One that Plaintiff's claims have any merit whatsoever. Capital One denies that Plaintiff is entitled to any judgment, damages, relief, and/or award and demands strict proof thereof.

6.    Specifically, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal based on "federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists [] when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987) (alteration added).

7.    Plaintiff's Complaint purports to assert a claim for violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq.* (*See* Complaint, Count II.)

8.    The United States Supreme Court has held that TCPA claims give rise to federal question jurisdiction. *See Mims v. Arrow Financial Services, LLC*, --- U.S. ---, 132 S.Ct. 740, 745, 181 L.E.2d 881 (2012); *see also Balthazar v. Central Credit Services, Inc.*, 475 Fed. Appx. 716 (11th Cir. 2012).

9.    Because Plaintiff asserts a claim arising under, and for alleged violations of, federal law, this Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331 and 1441(b).

**B.    Supplemental Jurisdiction Exists Over Plaintiff's Remaining Claims.**

10.    This Court should exercise supplemental jurisdiction over Plaintiff's FCCPA claim and claim for injunctive relief under section 559.77 of the Florida Statutes because these claims form part of the same case or controversy as Plaintiff's TCPA claims. (*See generally* Complaint).

11.    The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

28 U.S.C. § 1367(a).

12.    Plaintiff's FCCPA claims are related to the same alleged activity that forms the basis for Plaintiff's TCPA claims, i.e., alleged telephone calls made in connection with the collection of Plaintiff's account. (Complaint, ¶¶ 18-28). *See also* 28 U.S.C. § 1367.

13.    Capital One expressly consents to this Court's jurisdiction over Plaintiff's FCCPA claims.

14.    Accordingly, these claims are related to Plaintiff's federal question claim, and thereby form a part of the same case and controversy pursuant to 28 U.S.C. § 1367(a).

### III. PROCEDURAL REQUIREMENTS

15.    No prior application has been made for the relief requested herein.

16.    The United States District Court for Middle District of Florida, Orlando Division, embraces the place where this action was pending in State Court.

17.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy of this Notice of Removal, along with a

Notice of Filing Notice of Removal, will be filed with the Clerk of the County Court for Seminole County, Florida.

18.    All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

19.    True and correct copies of all process, pleadings and orders served on Capital One is attached as Exhibit 1. *See* 28 U.S.C. § 1446(a).

20.    Pursuant to Local Rule 4.02(b), true and correct copies of all process, pleadings, orders and other papers or exhibits of every kind, including depositions on file in the state court file are attached as Exhibit 2.

21.    Nothing in this Notice of Removal shall be interpreted as substantially invoking the litigation process or as a waiver or relinquishment of Capital One's right to assert any defense or affirmative matter, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) insufficiency of process; (3) insufficiency of service of process; (4) improper joinder of claims and/or parties; (5) failure to state a claim; (6) the mandatory arbitrability of some or all of the claims; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Fla. R. Civ. P. 1.110 and 1.140 or Fed. R. Civ. P. 8 and 12, any state or federal statute, or otherwise.

22.    To the extent remand is sought by Plaintiff or otherwise visited by this Court, Capital One requests the opportunity to brief the issues and submit additional arguments and evidence, to be heard at oral argument.

Dated: December 30, 2016

Respectfully Submitted,

Gennifer L. Bridges (FL Bar No. 0072333)
Email: gbridges@burr.com
Secondary email: jmorgan@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
Facsimile: (407) 540-6601

Joshua H. Threadcraft (FL Bar No. 96153)
Megan P. Stephens (FL Bar No. 0092557)
BURR & FORMAN LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-413-8701
Email: jthreadcraft@burr.com
        mstephens@burr.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 30th day of December, 2016, a copy of the foregoing was filed with the Clerk of Court for the Middle District of Florida. Notice of this filing will be sent to the following party/parties through the Court's Electronic Case Filing System, and has also been sent to counsel by U.S. Mail, postage prepaid.

Robert W. Kerr
Kerr Law Group, P.A.
101 NE 3rd Ave, STE 1500
Ft. Lauderdale, FL 33301
Robert@thekerrlawgroup.com

Gennifer L. Bridges, Esq.

28823511 v1