IN THE COUNTY COURT IN AND FOR SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION

**KRISTAL HOLMES,**
   **Plaintiff,**        CASE NO.: 2016-CC-003371-20-S

V.              JUDGE: SCHOTT

**CAPITAL ONE BANK (USA), N.A.,**
   **Defendant,**
_____/

## COMPLAINT

COMES NOW, Plaintiff, **Kristal Holmes** ("Plaintiff"), on behalf of himself and by and through undersigned counsel, files this complaint against Defendant, **Capital One Bank (USA), N.A.** ("Defendant"), and in support thereof would state the following:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $2,500.00 that are within the jurisdiction of this court.

2. Plaintiff is a resident of Seminole County, Florida.

3. Defendant is a business entity that regularly conducts business in the State of Florida and, as such, is a citizen of the State of Florida.

4. Venue is proper in Seminole County, Florida as the violations occurred there.

5. This is an action for damages brought by an individual consumer against the named Defendant for violations of the Florida Consumer Collection Practices Act, §559.55-§559.785, (" FCCPA)" and Telephone Consumer Protection Act 47 U.S.C. §227, ("TCPA").

*** E-FILED: MARYANNE MORSE, CLERK OF CIRCUIT COURT SEMINOLE COUNTY, FL ****

## FACTS COMMON TO ALL COUNTS

6. The Plaintiff has two (2) credit card accounts with the Defendant, Account No.: ▓▓▓▓▓▓▓▓▓▓ and ▓▓▓▓▓▓▓▓▓▓ ("Accounts").

7. On November 23, 2015, Plaintiff sent a letter to Defendant indicating that the alleged debts was in dispute, as well as requesting documentary evidence in the substantiation of the alleged debts. (See Attached Exhibit 1)

8. The letter referenced in paragraph 07 stated, "You are hereby notified to immediately terminate any contact with me or any members of my family, household, or place of employment, regarding any matter concerning the collection of a debt you allege is owed to your company or to your principal/customer/client, the original creditor noted. It is inconvenient for me to receive calls at work, and my boss does not allow me to receive personal calls. I hereby revoke any express or implied consent I may have given to your company to call me using an automated dialer." (See Attached Exhibit 1)

9. On December 05, 2015, Defendant made two (2) calls using an automatic telephone dialing system to Plaintiff's cell phone at 9:41 a.m. and 4:17 p.m.

10. On December 06, 2015, Defendant made a call using an automatic telephone dialing system to Plaintiff's cell phone at 3:41 p.m.

## COUNT ONE
### Willful and Knowing Violations of the Telephone Consumer Protection Act

11. Defendant re-alleges and incorporates paragraphs 1 through 10 above as if fully stated herein.

12. This is an action arising out of Defendant's violations of the Telephone Consumer Protection Act, as set forth in 47 U.S.C. §227(b)(1)(A)(iii).

13. Specifically, "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States— (A) to make *any call* (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice— (iii) to any telephone number assigned to a … cellular telephone service, specialized …or any service for which the called party is charged for the call…" TCPA 47 U.S.C. §227(b)(1)(A)(iii)

14. Defendant utilizes an auto-dialer system as defined by 47 U.S.C. 227(a)(1).

15. Plaintiff did not knowingly or voluntarily give permission to Defendant to contact him via cellular phone.

16. Defendant willfully and knowingly continued to violate the regulations under this act by incessantly harassing and communicating with Plaintiff via Plaintiff's cellular phone using an auto-dialer.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages, statutory damages in the amount of One Thousand Five Hundred Dollars (U.S. $1,500.00) per violation exclusive of costs and attorney's fees, which are prayed for in addition thereto, and punitive damages.

## COUNT TWO
### Claim for Harassment

17. Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1 through 16, as though fully set forth herein.

18. This is an action arising out of Defendant's violations of the Florida Consumer Collections Practices Act §559.72(7), *Fla. Stat.* (2011) which prohibits willful communication with the debtor which can reasonably be expected to abuse or harass the debtor.

19. Defendant is a "debt collector" as defined by the FCCPA.

20.     Plaintiff is an "individual consumer" as defined by the FCCPA and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with Defendant.

21. Defendant violated §559.72(7), *Fla. Stat.* (2011) by willfully engaging in conduct which can reasonably be expected to abuse or harass the Plaintiff while attempting to collect the alleged debt.

22. In total, Defendant made 3 telephone calls to Plaintiff attempting to collect a debt.

23. Said violations were willful, for which Plaintiff seeks additional punitive damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for compensatory damages (comparable to damages outlined to the TCPA), statutory damages in the amount of One Thousand dollars ($1,000.00), and punitive damages. Additionally, cost and attorney's fees.

## COUNT THREE
### Claim for Permanent Injunctive Relief

24.     Plaintiff reasserts and incorporates by reference the allegations contained in paragraphs 1 through 10, as though fully set forth herein.

25.     This is an action for injunctive relief brought pursuant to section 559.77 of the Florida Statutes. Pursuant to said section, the Court may enjoin Defendant from committing further violations of section 559.72. Specifically, the Defendant has violated §559.72(7), *Fla. Stat.* (2011) which prohibits conduct that can reasonably be expected to harass or abuse the debtor.

26. Defendant is a "debt collector" as defined by the FCCPA.

27. Plaintiff is an "individual consumer" as defined by the FCCPA and is alleged to have incurred a financial obligation for primarily personal, family or household purposes, or more specifically an alleged debt with Defendant.

28. In applying and construing the FCCPA, great weight shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to the FDCPA. §559.77(5).

29. There is a substantial likelihood of irreparable harm if the conduct by Defendant is not enjoined because it would allow the Defendant to continue an attempt to collect the alleged debt from the Plaintiff and continue to damage the Plaintiff's good name and reputation within the community by and through a reduced credit score.

30. Plaintiff has no adequate remedy at law to prevent further violations of section 559.72 of the Florida Statutes.

31. There is a substantial likelihood of success on the merits and this injunction will best serve the public interest.

32. Plaintiff has retained the undersigned attorney in the prosecution of this action and is obligated to pay him reasonable attorney's fees. Attorney's fees are recoverable pursuant to §559.77, *Fla. Stat.* (2011).

33. As a result of the Defendant's violation of the FCCPA, Plaintiff has retained the undersigned attorney and has agreed to pay the attorney a reasonable fee plus costs for the services rendered on this issue.

**WHEREFORE**, Plaintiff demands judgment against Defendant permanently enjoining it from further collection of the aforementioned alleged debt, and costs and attorney's fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, by and through the undersigned counsel, demands relief against Defendant as follows:

34. A judgment against Defendant in the amount no less than One Thousand Dollars (U.S. $1,000.00) for violation of the FCCPA 559.72(7).

35. A finding that the actions of the Defendant were willful for violations of the FCCPA.

36. Punitive damages for the willful violations of the FCCPA as the Court seems just and proper.

37. A judgment against Defendant in the amount of Four Thousand Five Hundred Dollars (U.S. $4,500.00) for multiple violations of the TCPA 47 U.S.C. §227.

38. An award of attorney's fees plus costs herein incurred.

39. Any and all other relief to which Plaintiff may be entitled to and the Court deems appropriate.

## JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a trial by jury as stated in the U.S. Constitution, Amendment 7 and F.R.C.P. 38.

Dated this 15 day of November, 2016.

Respectfully Submitted,

**Kerr Law Group, P.A.**
Robert W. Kerr, Esq.
Florida Bar No. 21758
101 NE 3rd Ave., Ste. 1500
Ft. Lauderdale, FL 33301
Telephone: (954) 906-9020
Robert@thekerrlawgroup.com